**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> INDIGENOUS GLOBAL DEVELOPMENT CORPORATION, <br><br> Defendant, <br><br> and <br><br> DENI G. LEONARD, <br><br> Defendant - Appellant. | No. 08-17116 <br><br> D.C. No. 3:06-cv-05600-JCS <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted September 23, 2010[**]

Before:  SKOPIL, FARRIS and LEAVY, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Deni Leonard appeals pro se the district court's summary judgment in this civil enforcement action brought by the Securities and Exchange Commission (SEC), alleging Leonard violated various federal securities laws. He does not, however, directly challenge the violations or the sanctions imposed. Rather, he contends the SEC engaged in discrimination and misconduct that requires reversal and remand for trial. We reject that contention and affirm.

Leonard's claims of racial discrimination fail because they are vague, conclusory and without factual support. Accordingly, they are "not entitled to an assumption of truth." *See Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009) (noting allegations of systematic discrimination by government officials without any factual content are conclusory and inadequate). His contention that he was wrongfully advised not to hire an attorney fails because there is no evidence that such a recommendation was made other than in an unrelated proceeding.

We also reject Leonard's claims of discovery abuse. First, parties are required only to produce documents for inspection and are not obligated to produce copies. *See Trevino v. Gates*, 99 F.3d 911, 921 n.4 (9th Cir. 1996). Second, the SEC attorneys properly construed Leonard's list of questions as interrogatories and duly responded to each question pursuant to Federal Rule Civil Rule 33(b).

Finally, we reject Leonard's "jurisdictional question" related to the SEC's authority to obtain documents from a nonparty tribal company. Leonard has not demonstrated that the government's investigative powers do not extend to tribal entities. *See EEOC v. Karuk Tribe Housing Authority*, 260 F.3d 1071, 1075 (9th Cir. 2001) ("Indian tribes do not . . . enjoy sovereign immunity from suits brought by the federal government.").

**AFFIRMED**.